**Tatyana Leonidovna TURINA, et al., Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70350.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided May 7, 2003.

---

Before: REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Tatyana Leonidovna Gartsman, a.k.a. Tatyana Turina,[1] a citizen of the Ukraine, petitions for review of the order of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's denial of her request for asylum and for withholding of deportation.[2] We reverse and remand.

An alien can qualify for asylum as a refugee if she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42)(A). If a petitioner establishes that she has experienced past persecution, there is a rebuttable presumption that the petitioner has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1)(i). The INS may rebut the presumption of future persecution by showing by a preponderance of the evidence that the country conditions have changed to such a degree that she longer has a well-founded fear of being persecuted if she were to return. *See id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. While these proceedings were pending, Turina married Zakhar Gartsman, a U.S. citizen.

2. Turina's daughter, Yanina Zakharnev, a.k.a. Yanina Turina, sought derivative asylee status through her mother's application. When we refer to Turina in this disposition, we refer only to lead petitioner Turina unless the context suggests otherwise.

In this case, in order for the INS to have rebutted the statutory presumption, the BIA would first have had to apply it. Turina presented evidence—including expulsion from school, termination of her job, and, most important, two acts of direct personal violence—that appears to be sufficient to demonstrate past persecution based upon her Baptist faith. At this point, she would have been entitled to a rebuttable presumption of future persecution, which the INS could overcome only by demonstrating that conditions in the Ukraine had changed to such an extent that Turina could no longer maintain a well-founded fear of future persecution. Rather than apply the presumption and then examine whether it had been rebutted, the BIA in its decision simply proceeded, without determining whether Turina had suffered past persecution, to discuss the present conditions in the Ukraine, and concluded that Baptists could generally worship without interference in that country. In doing so, it, *inter alia*, failed to make the necessary individualized assessment of Turina's circumstances. *See Osorio v. INS*, 99 F.3d 928, 932–33 (9th Cir.1996) (individualized analysis of petitioner's situation necessary to refute statutory presumption).

Because the BIA did not apply the presumption, it did not determine whether the presumption has been overcome. We do not apply the correct standard ourselves, *ab initio*, and determine on our own what the agency would have done. Remand rather than a *de novo* review by this court is favored in "a matter that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 355, 154 L.Ed.2d 272 (2002). We note, however, that Turina's mother, father, sister, and brother-in-law were afforded asylum on the identical claim several months before she was denied asylum. That fact goes directly to the question of whether country conditions had indeed changed sufficiently to rebut the presumption, which, erroneously, was never applied.

For the reasons explained above, we grant the petition for review of the claims for asylum and for withholding of deportation, and remand for proceedings consistent with this disposition.

Petition GRANTED. REMANDED to the BIA for further proceedings.

RAWLINSON, J., dissenting.

Judge Rawlinson dissents for the reasons stated in the now-withdrawn memorandum filed on October 12, 2001.